UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUCHANDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No. C26-2947-RSM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

This matter comes before the Court on Petitioner Suchandeep Singh's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, a Return filed by the Government, Dkt. #4, a traverse, Dkt. #7, and the remainder of the record.

The following facts are taken from the Petition and a declaration submitted by an ICE officer, Dkt. #5. Petitioner is a native and citizen of India who entered the United States at or near Tecate, California, on or around October 16, 2024, without being inspected or admitted. Border Patrol ("BP") encountered Petitioner near Boulevard, California that same day and determined he had entered the United States illegally. He was released on an Order of Release on Recognizance ("OREC") the next day and enrolled in an alternative to detention ("ATD") program the following month.

Nearly two years later, on August 14, 2026, Petitioner reported in person to the Seattle field office as required. ICE announced that Petitioner had twelve ATD violations dating from December 2024 to July 30, 2026. These violations generally consisted of missing callbacks and failed home visits, none of which prompted any kind of response from ICE on the record until

August 14, 2026. Petitioner was arrested, his OREC revoked, and he was transferred to the NWIPC.

Petitioner has not had a bond hearing.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id*.

Petitioner argues the *Rodriguez Vazquez* decision, cited by Respondents, controls in this case and that Petitioner's detention is not properly governed by 8 U.S.C. § 1225(b)(2)(A). Dkt. #7 at 2. Respondents argue that Petitioner in ineligible for a bond hearing because he is subject to mandatory detention under 8 U.S.C. §1225(b). Respondents argue "if this Court should find that additional process is required, this Court should order a prompt post-detention hearing." Dkt. #4 at 7.

The Court finds that Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez*, *supra*, and that the appropriate relief in this case is a new bond hearing. This is also alternative relief requested by Petitioner. *See* Dkt. #7 at 3.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Respondent has **until September 25, 2026**, to provide Petitioner notice of a new bond hearing under 8 U.S.C. § 1226(a), at which the Government bears the burden of justifying continued detention by clear and convincing evidence, or, if no such hearing is provided by that deadline, Petitioner shall be released **no later than September 28, 2026**, and not re-detained without adequate notice and a meaningful opportunity to respond. The Court DIRECTS Respondents to file a status update with the Court no later than **September 29, 2026**.

DATED this 23rd day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE